# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FANNIE HARRIS | CIVIL ACTION |
| VERSUS | NO. 17-5551 |
| BONNIE L. ZAKOTNIK, et al. | SECTION: "G" (5) |

## ORDER

Pending before the Court is Plaintiff Fannie Harris' ("Plaintiff") motion to remand.[1] This litigation arises out of Plaintiff's claim for damages allegedly sustained when motorist Bonnie L. Zakotnik ("Zakotnik") collided with Plaintiff's vehicle.[2] Plaintiff originally filed this action in the Civil District Court for the Parish of Orleans on March 31, 2016, against Zakotnik and USAA Casualty Insurance Company, a foreign insurer providing automobile insurance to Zakotnik (collectively, "Defendants").[3] On June 5, 2017, Zakotnik removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] Having considered the motion, the memoranda in support and opposition, and the applicable law, the Court will deny Plaintiff's motion to remand the case to state court.

## I. Background

*A.     Factual Background*

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1-1.

[3] Rec. Doc. 16-1.

[4] Rec. Doc. 1.

1

In the petition for damages, Plaintiff alleges that on April 8, 2015, at approximately 1:30 p.m., she was driving her 2005 Cadillac in New Orleans, Louisiana, traveling westbound on Tulane Avenue.[5] As she was attempting to enter the on-ramp of the Ponchartrain Expressway, she was struck from behind by a white Volvo driven by Zakotnik.[6] At the time of the accident, her vehicle was insured by USAA Casualty Insurance Company.[7]

Six months prior to the accident, Plaintiff avers that she had spinal surgery and had been "progressing nicely" in her recovery.[8] Plaintiff alleges, however, that the accident aggravated the condition of her surgically repaired back.[9] Plaintiff further alleges that since the accident she has suffered excruciating back pain which has not been relieved by physical therapy or SI joint injections.[10] Plaintiff remains out of work and alleges that her doctor recently recommended she undergo another surgery on her back.[11]

According to Plaintiff, at the time of the accident, Zakotnik informed Plaintiff that her address was 4501 Canal Street, New Orleans, Louisiana 70119.[12]

**B.** *Procedural Background*

On March 31, 2016, Plaintiff filed a petition for damages in the Civil District Court for the

---

[5] Rec. Doc. 16-1 at 1.

[6] *Id*. at 1–2.

[7] *Id*. at 2.

[8] *Id*.

[9] *Id*.

[10] *Id*.

[11] *Id*.

[12] Rec. Doc. 8-1 at 2.

Parish of Orleans.[13] Zakotnik was served on May 15, 2016, pursuant to Louisiana's long-arm statute at her Florida residence.[14] On June 5, 2017, Defendants removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[15] On June 21, 2017, Plaintiff filed a motion to remand the matter to state court.[16] Zakotnik filed a memorandum in opposition to the motion to remand on July 21, 2017,[17] along with an affidavit signed by Zakotnik alleging additional information regarding her Florida residency and domicile.[18] On July 26, 2017, Zakotnik filed an amended notice of removal which included information contained in Zakotnik's affidavit.[19] Plaintiff filed a supplemental memorandum in support of the motion to remand on August 4, 2017.[20]

## I. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion to Remand*

In the memorandum in support of the motion to remand, Plaintiff argues that this Court lacks subject matter jurisdiction over this action because there is not complete diversity of citizenship.[21]

---

[13] *Id.*

[14] Rec. Doc. 16 at 1.

[15] Rec. Doc. 1.

[16] Rec. Doc. 8.

[17] Rec. Doc. 14

[18] Rec. Doc. 14-1.

[19] Rec. Doc. 16.

[20] Rec. Doc. 21.

[21] Rec. Doc. 8-1 at 2.

Plaintiff acknowledges that Zakotnik no longer resides in Louisiana, but she asserts that Zakotnik was a resident of Louisiana and had a Louisiana domicile at the time of the accident and lawsuit.[22]

Plaintiff identifies two facts in favor of her argument: (1) Plaintiff avers that at the time of the accident, Zakotnik gave Plaintiff her name and her address as 4501 Canal Street, New Orleans, Louisiana 70119;[23] and (2) Plaintiff alleges that USAA insurance documents, including the declaration sheet provided by Zakotnik, show her domicile as the same address.[24] Plaintiff also argues that Zakotnik failed to affirmatively allege and provide competent evidence that she was domiciled in Florida at the time of the accident or in March 2016 when Plaintiff filed the lawsuit.[25] Therefore, Plaintiff avers, this Court has no jurisdiction over the matter, and the case should be remanded to Orleans Parish Civil District Court.[26]

### B.   *Defendants' Arguments in Opposition to Plaintiff's Motion to Remand*

In opposition, Zakotnik argues that Plaintiff's motion contains conclusory, unsupported statements which fail to support a showing that Zakotnik was not a citizen of Florida at the time of the accident and lawsuit.[27] Zakotnik avers that the evidence provided shows that at the time the instant matter was initiated, her domicile was Ormond Beach, Florida.[28]

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] Rec. Doc. 14 at 3.

[28] *Id.*

In support of this argument, Zakotnik cites an Eastern District of Louisiana case, *Ochoa v. PV Holding Corp.*, which states that citizenship of an individual is synonymous with their domicile.[29] In defining domicile, Zakotnik cites the Fifth Circuit holding in *Mas v. Perry* that "a person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."[30] To determine domicile, Zakotnik states that the Court may review record evidence, affidavits, and testimony concerning facts underlying citizenship of the parties along with the pleadings.[31] Zakotnik further contends that the Court should address a variety of factors, including the residence and the real intention of remaining, as disclosed by the person's entire course of conduct.[32] Zakotnik asserts that within this context, courts have considered a driver's license as evidence of domicile.[33]

In an attached affidavit, Zakotnik identifies the following facts purportedly establishing Florida citizenship: (1) she has possessed a Florida driver's license since 2005; (2) she has owned real property (a condominium) in Florida since 1995; (3) she evacuated to Florida prior to Hurricane Katrina in 2005, and remained there for four months; (4) in 2005, she intended to permanently move to Florida as soon as financially possible; (5) in April 2014, she consulted a real estate agent about listing her property at 4501 Canal Street for sale; (6) for one year, she prepared the house by painting, providing repairs, and otherwise placing it in a saleable condition; (7) in March 2015, she moved to Florida permanently and

---

[29] *Id.* at 1 (quoting *Ochoa v. PV Holding Corp.*, 2007 WL496612 (E.D. La. 2007)).

[30] *Id.* (citing *Mas v. Perry*, F.2d 1396, 1399 (5th Cir. 1974)).

[31] *Id.* at 1–2.

[32] *Id.* at 2.

[33] *Id.* (citing *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)).

placed the New Orleans home on the market for sale; (8) her vehicle that was involved in the accident at bar was registered in Florida at the time of the accident; (9) since the time of the accident at bar, Zakotnik has spent at least seventy-five percent of her time living in Florida, with the rest of her time split between New Orleans and Indiana; (10) she did not learn that the suit had been filed until she was contacted by her insurance company by e-mail on April 22, 2016; and (11) since 2005, she has been a member of the St. James Episcopal Church in Ormond Beach, Florida.[34] Additionally, in the memorandum, Zakotnik notes that although Plaintiff states correctly that the USAA policy was mailed to her Louisiana property, the policy is a Florida auto policy.[35]

## C. *Defendant's Amended Notice of Removal*

In the amended notice of removal, Zakotnik avers that she is a citizen of Florida for the purposes of diversity jurisdiction in this case.[36] Furthermore, Zakotnik alleges that USAA Casualty Insurance Company is a citizen of Texas for the purposes of diversity jurisdiction, and thus, complete diversity of citizenship exists between Plaintiff and Defendants.[37] In order to support the basis for removal that she is a citizen of Florida, Zakotnik incorporates facts asserted in the affidavit attached to her opposition into the amended notice.[38] Zakotnik specifically states that she was served on May 15, 2017 via long-

---

[34] Rec. Doc. 14-1 at 1–2.

[35] Rec. Doc. 14 at 3.

[36] Rec. Doc. 16 at 2–3.

[37] *Id.* at 3. "[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated, or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 722 (5th Cir. 1974) (quoting 28 U.S.C. § 1332(c)).

[38] *Id.* at 2–3.

6

arm service at her residence in Ormond Beach, Florida.[39] Additionally, Zakotnik states that considering the injuries and damages claimed, it appears that Plaintiff is seeking a judgment in excess of $75,000.[40]

### D. *Plaintiff's Supplemental Memorandum in Support of Motion to Remand*

In the supplemental memorandum, Plaintiff argues that even in light of the amended notice of removal, there remains a lack of diversity of citizenship, and the case should be remanded to the Civil District Court for the Parish of Orleans.[41] Plaintiff asserts that although Zakotnik may believe her residence was in Florida at the time of the filing of the suit, her domicile was actually in Louisiana where she practiced law and maintained a law office and residence.[42]

Plaintiff lists the following facts in support of her argument that Zakotnik was domiciled in Louisiana at the time of filing: (1) when the suit was filed Zakotnik had a professional license to practice law in Louisiana, not Florida; (2) Zakotnik did not dispute that she maintained a professional office and residence at 4501 Canal Blvd. [sic] in New Orleans; (3) Zakotnik maintained only a small condominium in Florida where she had no license to practice law; (4) Zakotnik could practice law in all parishes of Louisiana, but not in any county of Florida; (5) Zakotnik could only practice law, represent clients, and "make a living" in Louisiana, not Florida; (6) Zakotnik paid dues to the Louisiana State Bar Association, not the Florida Bar Association; (7) Zakotnik would have interviewed and represented clients only in Louisiana, not Florida; (8) Zakotnik would have only filed legal proceedings in Louisiana courts; (9) Zakotnik would have maintained bank and trust accounts with a Louisiana bank;

---

[39] *Id.* at 1.

[40] *Id.* at 4–5.

[41] Rec. Doc. 21 at 2.

[42] *Id.* at 1.

and (10) all legal income Zakotnik would have made would have originated from her Louisiana law practice.⁴³ Therefore, Plaintiff argues, although Zakotnik may believe Florida was her residence at the time, her domicile was, in fact, Louisiana.⁴⁴

### III. Law and Analysis

*A.     Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.⁴⁵ A federal court has subject matter jurisdiction over an action "where the matter for controversy exceed the sum or value of $75,000" and the action "is between citizens of different states."⁴⁶ "When removal is based on diversity of citizenship, the "diversity must exist both at the time of filing in state court and at at the time of the removal."⁴⁷ "If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties."⁴⁸ The removing party bears the burden of demonstrating that federal jurisdiction exists.⁴⁹ On a motion to remand, in particular, the removing party bears the burden of establishing the citizenship of relevant parties for the purpose of demonstrating complete diversity.⁵⁰

---

⁴³ *Id.* at 1–2.

⁴⁴ *Id.*

⁴⁵ 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

⁴⁶ 28 U.S.C. § 1332(a)(1).

⁴⁷ *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

⁴⁸ *Id.*

⁴⁹ *See Allen v. R& H Oil & Gas Co.*, 276 F.3d 720, 723 (5th Cir. 1995).

⁵⁰ *See, e.g., Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760, 768 (S.D. Tex. 2007).

In *Coury v. Prot*, the Fifth Circuit laid out the framework for determining citizenship of natural person in § 1332 diversity cases:

The fourteenth amendment to the Constitution provides that: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." United States Const. amend. XIV, § 1. However, "reside" has been interpreted to mean more than to be temporarily living in the state; it means to be "domiciled" there. Thus, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.[51]

Therefore, for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile.[52] The Fifth Circuit has held that "domicile is established by physical presence in a location coupled with an intent to remain there indefinitely."[53] Moreover, "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."[54]

"A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[55] "A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there."[56] However, "[t]here is no durational residency requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established."[57]

---

[51] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[52] *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797 (5th Cir. 2007).

[53] *In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010) (citing *State of Texas v. State of Florida*, 306 U.S. 398, 424 (1939)).

[54] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citation and quotation marks omitted).

[55] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citing *Preston*, 485 F.3d 797–98).

[56] *Mas*, 489 F.2d at 1399.

[57] *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003) (citing 15

To determine a litigant's domicile, courts consider many factors, including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[58] While the court should consider where the litigant claims to be domiciled, his assertion is "entitled to little weight if it conflicts with the objective facts."[59] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[60]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[61] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[62]

## B. *Analysis*

Zakotnik argues that she is a citizen of Florida for the purposes of diversity jurisdiction as evidenced generally by her possession of a Florida driver's license, ownership of a condominium in

---

MOORE'S FEDERAL PRACTICE, § 102.34[10] (3d ed. 2001)).

[58] *Coury*, 85 F.3d at 251.

[59] *Id*.

[60] *Id*. at 249.

[61] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[62] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

Florida, current residency and longstanding intent to live in Florida, Florida vehicle registration, membership in a Florida church, and Florida USAA auto policy.[63] Plaintiff argues that Zakotnik is a Louisiana resident for the purposes of diversity jurisdiction as evidenced generally by her ownership of a house in Louisiana; her professional license to practice law in Louisiana; and the likelihood that she would have maintained bank and trust accounts with a Louisiana bank and all legal income she would have earned would have originated from her Louisiana law practice.[64]

To be a citizen of a state for diversity purposes, a natural person must be both (1) a citizen of the United States and (2) a domiciliary of that state.[65] Zakotnik's status as a citizen of the United States is not disputed.

Zakotnik is the removing party, and therefore, she bears the burden to establish her citizenship in Florida for the purpose of demonstrating that this Court has diversity jurisdiction.[66] Accordingly, Zakotnik must show that she was physically present in Florida and that she intended to remain in Florida indefinitely, at the time this action was filed in state court and at the time of removal.

This action was filed in state court on March 31, 2016, and Defendants removed the action on June 5, 2017. Zakotnik avers that she moved to Florida permanently in March 2015, approximately one year prior to the filing of this action in state court and more than two years prior to the time of removal. Although Plaintiff argues that at the time of the accident and filing of this lawsuit, Zakotnik resided in Louisiana, Plaintiff acknowledges that Zakotnik now resides in Florida.

---

[63] Rec. Doc. 14 at 3.

[64] Rec. Doc. 21 at 2.

[65] *Coury*, 85 F.3d at 248.

[66] *See Allen v. R& H Oil & Gas Co.*, 276 F.3d 720, 723 (5th Cir. 1995).

11

To determine a litigant's domicile, courts consider many factors, including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[67]

Zakotnik does not assert any facts as to where she exercises civil and political rights, pays taxes, or maintains bank accounts. Although Plaintiff asserts that Zakotnik would have maintained a bank account and a trust account with a Louisiana bank, not a Florida bank, Plaintiff's assertion is not supported by any evidence, and therefore carries no weight. Therefore, these factors have no bearing on establishing Zakotnik's domicile.

Regarding ownership of real property, Zakotnik avers that she owns real property in both Florida and Louisiana. Zakotnik asserts that she is currently in the process of selling her Louisiana house and has intended to do so since at least April 2014, when she consulted the real estate agent. Since Zakotnik has been in the process of selling her Louisiana house, thereby ending her ownership of real property in Louisiana, since before this suit was filed and at the time of removal, and because Zakotnik has owned a condominium in Florida also before this suit was filed and at the time of removal, this factor weighs in favor of establishing Zakotnik's domicile in Florida.

Regarding ownership of personal property, Zakotnik avers that her vehicle is registered in Florida. It is well-known that a vehicle is a substantial piece of personal property, and people tend to own vehicles in locations where they spend significant amounts of time. Therefore, this factor weighs in favor of establishing Zakotnik's domicile in Florida.

---

[67] *Coury*, 85 F.3d at 251.

Regarding driver's and other licenses, Zakotnik avers that she has possessed a Florida driver's license since 2005. Plaintiff does not contest the fact that Zakotnik possesses a Florida license. Furthermore, Plaintiff avers that Zakotnik is admitted to the Louisiana bar for the practice of law; however, Plaintiff acknowledges that Zakotnik retired when she moved to Florida, which predates the filing of this action. Considering that Plaintiff does not dispute that Zakotnik holds a Florida driver's license or that Zakotnik has retired from the practice of law in Louisiana, this factor weighs in favor of establishing Zakotnik's domicile in Florida.

Regarding membership in clubs and churches, Zakotnik asserts that she has been a member of St. James Episcopal Church in Ormond Beach, Florida since 2005. Plaintiff does not contest this fact. Accordingly, this factor weighs in favor of establishing Zakotnik's domicile in Florida.

Regarding places of business or employment, Plaintiff acknowledges that Zakotnik has recently retired. Considering that Plaintiff does not dispute that Zakotnik has retired from the practice of law in Louisiana and neither party alleges that Zakotnik is currently employed, this factor weighs neither for nor against establishing domicile in Florida.

Regarding the establishment of a home for her family, Zakotnik asserts that she has intended to make Florida her home since 2005, and moved there permanently in March of 2015. Zakotnik's statement that it has been her intent since 2014 to prepare her former home in New Orleans for sale supports a finding that Zakotnik no longer considers New Orleans her home and has actively pursued and established a home in Florida. Thus, this factor weighs in favor of establishing Zakotnik's domicile in Florida.

Finally, Zakotnik claims to be domiciled in Florida. This assertion does not conflict with objective facts presented by both parties and is therefore entitled to weight. Moreover, although

Zakotnik has only resided in Florida for approximately one year prior to the time this suit was filed and more than two years prior to the time of removal, "[t]here is no durational residency requirement in the establishment of domicile."[68] It appears Zakotnik had the "intent to remain" in Florida in March 2015. The new domicile was "instantaneously established" when she became physically present and began to reside in Florida.[69]

### IV. Conclusion

In sum, based on a balancing of the factors stated in *Coury* for the purpose of determining a party's domicile, Zakotnik has established that her domicile is Florida by demonstrating that she was physically present there and had the intent to remain, at the time this action was commenced in state court and at the time of removal. Therefore, Zakotnik has met her burden of demonstrating that federal jurisdiction exists pursuant to 28 U.S.C. § 1332. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[70] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 22nd day of December, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[68] *Acridge,* 334 F.3d at 448.

[69] *Id.*

[70] Rec. Doc. 8.